# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-20302
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

OSCAR MONDRAGON

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
No. H-05-468

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Oscar Mondragon appeals the 180-month sentence imposed following his guilty plea conviction of conspiracy to hold persons in a condition of peonage and to knowingly recruit, harbor, transport, provide, and obtain persons for labor and services, and conspiracy to recruit aliens to enter the United States illegally and to transport and harbor those aliens for purposes of financial gain. Mondragon contends that the district court erred by not giving him a sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proportionate to the 109-month sentence received by a co-defendant who was given a substantial assistance departure pursuant to U.S.S.G. § 5K1.1. He also argues that this Court should not apply a presumption of reasonableness to his within-guidelines sentence because of this disparity.

We review sentences for reasonableness, first determining whether the sentence is procedurally sound, then considering whether the sentence is substantively reasonable under an abuse of discretion standard.[1] Mondragon, however, failed to raise the current objections to his sentence at sentencing; therefore, our review is limited to plain error.[2]

In *United States v. Duhon*,[3] this Court held that the district court erred by considering the sentencing disparity between Duhon and his co-defendant when that disparity existed because the co-defendant received a downward departure for providing substantial assistance to the government. Here, Mondragon's attorney recognized at sentencing that Mondragon "wasn't in a position to provide [the government] information that would warrant a downward departure." His co-defendant, however, was in that position and did assist the government. "Disparity in sentences between a defendant who provided substantial assistance and one who provided no assistance . . . is not unwarranted."[4] There was no plain error in calculating Mondragon's guideline sentence.

The district court's comments show that it gave careful consideration to the presentence report, the nature and circumstances of the offense, and the arguments of counsel. It found no reason to depart from the guidelines.

---

[1] *U.S. v. Armstrong*, 550 F.3d 382, 404 (5th Cir. 2008).

[2] *U.S. v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

[3] 541 F.3d 391, 397 (5th Cir. 2008).

[4] *Id.* (quoting *U.S. v. Gallegos*, 480 F.3d 856, 859 (8th Cir.2007)).

Mondragon has not shown any reason that the sentence is unreasonable, only arguing that his sentence is disparate from his co-defendant's, an argument foreclosed by *Duhon*.

AFFIRMED.